SULAIMAN LAW GROUP
Alexander J. Taylor
2500 South Highland Ave
Suite 200
Lombard, Illinois 60148
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLYNN H. PRUNER,<br><br>Plaintiff,<br><br>v.<br><br>USCB, INC. d/b/a USCB AMERICA,<br><br>Defendant. | Case No.  8:21-cv-00300<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ*.**<br>**2. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 *ET SEQ*.**<br>**3. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 *et seq*.**<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** CHARLYNN H. PRUNER ("Plaintiff"), by and through the undersigned attorney, complaining of USCB, INC. d/b/a USCB AMERICA ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788.

1

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law RFDCPA claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District, of California, Defendant conducts business in the Central District of California, and a substantial portion of the events or omissions giving rise to the claims occurred within the Central District of California.

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Central District of California.

6. Defendant is a debt collection agency with its principal place of business located at 355 South Grand Avenue, Suite 3200, Los Angeles, California 90071. Defendant's principal business purpose is collecting defaulted debts on behalf of others. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

7. In or around January 2020, Plaintiff began receiving collection calls to her cellular telephone number (714) XXX-1515 from Defendant attempting to collect an alleged debt unknown to Plaintiff ("alleged debt").

8. Plaintiff is the sole subscriber, owner, possessor, and operator of the cellular telephone number ending in 1515.

9. Plaintiff was perplexed as to why Defendant was calling her because the alleged debt Defendant was attempting to collect did not belong to her, but rather was owed by an individual named "David Ruben."

10. Plaintiff *never* provided her telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

11. In early 2020, Plaintiff answered a call from Defendant to inquire as to why Defendant was calling her.

12. Upon learning that Defendant was calling for David Ruben, Plaintiff informed Defendant that it had the wrong number and that she wanted the calls to cease.

13. Despite knowing that Plaintiff was not "David Ruben" and that Plaintiff's phone number was the wrong number to reach that consumer, Defendant continued to call Plaintiff at an unnecessary and harassing rate.

14. Frustrated with the frequent harassing collection calls, Plaintiff called Defendant on February 12, 2021 and spoke with a representative.

15. Defendant's representative informed Plaintiff once again that Defendant was attempting to reach "David Ruben."

16. Plaintiff told Defendant that it was calling the wrong party and that she wanted the calls to cease.

17. In the calls that Plaintiff did answer, Plaintiff was greeted by a pre-recorded message instructing her to press a key to be transferred to a live representative.

18. Moreover, Plaintiff also hears what sounds to be call center noise in the background of each of Defendant's calls.

19. Defendant has used numerous phone numbers to place collection calls to Plaintiff's cellular phone number, including but not limited to (855) 757-6923.

Upon information and belief, it may have also used other phone numbers to place calls to Plaintiff's cellular phone.

21. Notwithstanding Plaintiff's multiple requests that Defendant's collection calls cease, Defendant placed or caused to be placed numerous calls from January 2020 through the present day in an attempt to collect on a defaulted debt belonging to another person without Plaintiff's prior express consent.

## DAMAGES

22. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

23. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the incessant phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

24. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

25. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

4

27. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

29. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

30. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

31. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

32. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

33. Defendant violated 15 U.S.C. §§1692c(a)(1), c(b), d, d(5), e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

    **a. Violations of FDCPA § 1692c**

34. Defendant violated §1692c(a)(1) and c(b) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's telephone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and the alleged debt did not belong to her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe as it belonged to another individual.

35. Moreover, Defendant was repeatedly notified by Plaintiff that she was not the individual it was looking for and that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

5

### b. Violations of FDCPA § 1692d

36. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's telephone seeking immediate payment on a debt that did not belong to her. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that she did not owe the alleged debt and demanded that the calls cease.

37. Defendant violated §1692d(5) by causing Plaintiff's telephone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed frequent harassing phone calls to Plaintiff's telephone from January 2020 through the present day, without her prior consent.

### c. Violations of FDCPA § 1692e

38. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt did not belong to her. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it never had prior consent to do so in the first place.

### d. Violations of FDCPA § 1692f

39. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual who was not Plaintiff. Defendant repeatedly attempted to dragoon Plaintiff into making a payment that she did not legally owe. Placing voluminous phone calls after becoming privy to the fact that it is

contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

40. Defendant had enough information to be aware of the fact that it was calling the wrong person. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

41. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

42. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

43. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff CHARLYNN H. PRUNER respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Defendant placed or caused to be placed non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

46. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or pre-recorded messages without their consent.

47. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

48. Upon information and belief, based on the pre-recorded messages used on the phone calls Plaintiff answered, Defendant used an automated dialing system to place calls to Plaintiff's cellular telephone.

49. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

50. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

51. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff was the wrong party and did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly and sequentially auto-dial Plaintiff's cellular phone number without her consent.

52. There would be no reason for Defendant to continue to contact Plaintiff, especially after having been notified to cease all telephone communications. Yet, Defendant's ATDS continued to

keep Plaintiff's phone number stored, causing its system to randomly and sequentially dial the number dozens of times thereafter.

53. Any prior consent, if any, was revoked by Plaintiff's verbal revocations.

54. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone from January 2020 through the present day, using an ATDS without her prior consent.

55. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

56. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

57. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

58. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

59. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

60. Defendant, through its agents, vendors, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

61. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, CHARLYNN H. PRUNER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Enjoining Defendant from further communicating with Plaintiff; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT IiI – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

62. Plaintiff restates and realleges paragraphs 1 through 61 as though fully set forth herein.

63. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

64. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

65. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a  Violations of RFDCPA § 1788.11(e)**

66. The RFDCPA, pursuant to Cal. Civ. Code § 1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

67. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after she informed them that she was not the consumer Defendant was trying to reach and that she wanted the calls to cease. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment despite not owing the alleged debt. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

68. Upon being told to stop contacting Plaintiff, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's cellular telephone.

**WHEREFORE**, Plaintiff, CHARLYNN H. PRUNER, respectfully requests that this Honorable Court:

    b. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    c. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

    d. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

    e. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

    f. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: February 16, 2021

Respectfully submitted,

By: */s/ Alexander J. Taylor*
Alexander J. Taylor, Esq.
**Sulaiman Law Group**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois
Telephone: 331-307-7646
Facsimile: 630-575-8188
E-Mail: ataylor@sulaimanlawgroup.com